IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Cr. No. 05-375 JH

GREGORY LADUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion in Limine [Doc. No. 24]. The primary issue raised in the motion is whether, in accordance with Rule 404(b) of the Federal Rules of Evidence, the Court should admit evidence of a bad act allegedly committed by the Defendant after the events for which he has been charged in the indictment. After a careful review of the law and the arguments of counsel, the Court concludes that the motion should be denied.

The Indictment charges the Defendant with killing Leonard Begay while operating a motor vehicle while Defendant was under the influence of illegal drugs. The incident that was the subject of this case occurred on December 2, 2004 in Indian Country. According to the government, a blood sample taken from the Defendant shortly after the collision contained methamphetamine. The government filed the Indictment on February 25, 2005, and the following day authorities arrested Defendant at his place of employment. The arresting officer searched the Defendant and found drug paraphernalia, including a methamphetamine pipe, a personal amount of methamphetamine, and a lighter used for smoking marijuana. Defendant pled guilty in Arizona to the crime of possessing those illegal items.

In his motion, Defendant asserts that evidence that he possessed drug paraphernalia on the day of his arrest should not be admitted at trial.  As grounds for his motion, Defendant argues that evidence of his subsequent bad act should not be admitted to show that he has a bad character in general, or that he acted in conformity with that character on December 2, 2004.  Defendant further argues that his actions on the day of his arrest are irrelevant to the charges in the Indictment and are more unfairly prejudicial than probative.  In response, the government argues that evidence of Defendant's subsequent bad acts should be admitted under Federal Rule of Evidence 404(b) in order to show a "pattern or practice" by Defendant of using methamphetamine while he is working, despite a claim by Defendant that he would not use the drug during working hours.  The government also contends that the evidence demonstrates the absence of a mistake by Defendant in taking methamphetamine, and Defendant's knowledge of what methamphetamine is.

Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, evidence of another crime may be admitted to establish motive, intent, preparation, plan, identity, and absence of mistake or accident.  *See* Fed. R. Evid. 404(b).  To determine whether Rule 404(b) evidence should be admitted into evidence, the Court looks to the four-part test set out by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). This test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir. 1989) (internal quotations and citation omitted).

The government states that the evidence will be offered at trial for the purpose of showing Defendant's knowledge that he was taking methamphetamine and his lack of mistake in doing so. These are proper purposes for the introduction of Rule 404(b) evidence, and therefore the government has fulfilled the first *Huddleston* requirement.

The next question is whether the evidence is relevant to proving these proper purposes. The Tenth Circuit has previously recognized the probative value of uncharged acts to show motive, intent, and knowledge, whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time. *See United States v. Olivo*, 80 F.3d 1466, 1468-69 (10th Cir. 1996); *United States v. Bonnett*, 877 F.2d 1450, 1461 (10th Cir. 1989). However, there is no absolute rule regarding the time that can separate a prior or subsequent act from the charged offense. *United States v. Cuch*, 842 F.2d 1173, 1178 (10th Cir. 1988). In this instance, the almost three months that passed between December 2, 2004 and Defendant's arrest on February 26, 2005 is not excessive for Rule 404(b) purposes.

Moreover, although the uncharged crime must be similar to the charged offense, it need not be identical. *United States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir. 1982). This similarity may be shown through "physical similarity of the acts or through the 'defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses.'" *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997) (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)). The more similar the act or state of mind is to the charged crime, the more relevant it becomes. *Id*. In this instance, the similarity is adequate. The Indictment charges

3

Defendant will operating a motor vehicle while impaired by methamphetamine, while the subsequent act is possession of an amount of methamphetamine appropriate for personal use, as well as the paraphernalia necessary in order to ingest it. Therefore, the evidence is probative of Defendant's state of mind with regard to methamphetamine on December 2, 2004. Finally, the Court finds that this probative value is not outweighed by unfair prejudice to the Defendant. Accordingly, in the event that evidence regarding the events of February 26, 2005 is offered and admitted into evidence at trial, the Court will give an appropriate limiting instruction to the members of the jury.

    IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Doc. No. 24] is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE