## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Cr.  No. 05-375 JH

GREGORY LADUE,

        Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *Motion to Dismiss for Violation of the Speedy Trial Act* [Doc. No. 33].  The primary issue raised in the motion is whether the Court erred when, on August 2, 2005, it granted the Government's motion (filed July 20, 2005) to continue the trial set for August 8, 2005 and it excluded the resulting delay from computation under the Speedy Trial Act.  After a careful review of the law and the arguments of counsel, the Court concludes that the motion should be denied.

At the time the Court ruled on the motion to continue, it considered the arguments that the parties presented in their respective briefs.  Specifically, the Court considered the Government's statement that its lead investigator, FBI Special Agent William Hall, would be unavailable to testify at trial on August 8 because starting on August 9 he would be in court in an unrelated case pending before United States District Judge Cristina Armijo.  Defendant did not dispute that Agent Hall was the lead investigator or that he would be unavailable on the date of trial.  The Court also considered that there was a pending motion in the case, as well as the fact that the Government had requested no prior continuances.  The Court balanced these facts against the Defendant's contention that Agent

Hall is not a necessary witness in the case because Mr. Ladue did not make a post-arrest statement to Agent Hall, that Defendant would suffer financial hardship as a result of a continuance, and that defense counsel has a busy trial schedule in late 2005. After considering these arguments, the Court concluded that the Government is in the best position to determine what witnesses and case agents are necessary in order for it to fully present its case, and found that a continuance would serve the ends of justice and outweigh the Defendant's and the public's right to a speedy trial. The Court confirms those findings here based on the information it considered on August 2, 2005, as outlined above.

On October 6, 2005, the Court held a hearing on Defendant's motion to dismiss. At that hearing, counsel for Defendant argued that the Court should have balanced the competing interests at stake when it granted the motion to continue—something that the Court did in fact do with the information before it at the time of its ruling. Counsel for Defendant also pointed out that the Court may not consider new evidence or arguments now that its decision has been made, though it may make findings on the record based on the information the Court considered at the time it ruled on the motion. The Court agrees, and in this Memorandum Opinion and Order the Court merely confirms its findings that are based upon information it considered when ruling on the motion to continue.

However, Defendant then invites the Court to contravene this principle by asking it to consider information and arguments that Defendant himself failed to present in his written response to the Government's motion to continue. For example, Defendant now argues (without evidentiary support or much explanation) that the lead investigator is "fungible" and that the Government may easily replace him with another FBI agent. Pointing to correspondence among counsel sent before the motion to continue was filed, Defendant contends that the United States was not ready to proceed

to trial on August 8, and improperly disguised its lack of preparation by pointing to the unavailability of the case agent.  However, these are arguments that the Defendant failed to bring to the Court's attention in his written response to the motion to continue, and therefore the Court did not consider them when it ruled on the motion.

Defendant also attempts to support his argument by relying upon information that was not available to any party at the time the Court ruled on the motion to continue, and therefore that the Court could not have considered at that time.  For example, Defendant argues that on August 8, 2005, the Government sought and received a continuance of the August 9 trial before Judge Armijo, that Agent Hall must have known beforehand—perhaps prior to August 4—that the trial before Judge Armijo may be postponed due to the discovery of new evidence.  Accordingly, Defendant argues that Agent Hall would have been available for trial in this case on August 8 as scheduled. However, even if true, none of these events in Judge Armijo's case had transpired before August 2, 2005, when the Court ruled on the motion to continue, and there is no indication that counsel for Defendant would have been able to bring these considerations to this Court's attention at that time.

It also bears noting that if the Defendant believed that he required a hearing in order to fully develop his arguments in opposition to the motion to continue, he could have requested a hearing in his response to the motion.  However, he did not do so, and the Court ruled based upon the briefs filed by counsel.  Furthermore, even after the Court issued its August 2 Order granting the continuance, the Defendant remained silent, failing to inform the Court as to his desire to bring new arguments to the Court's attention and for the opportunity to present his point of view at a hearing. For example, prior to the original trial date of August 8, Defendant could have filed a motion to reconsider, explaining in further detail his grounds for opposing the motion to continue and making

a request for hearing. Instead, Defendant sat on his rights and waited more than a month in the hopes

that the time limitations under the Speedy Trial Act would expire; then, he finally filed his motion to

dismiss the indictment on September 9, 2005.  Defendant's delay further undermines his argument.

Accordingly, the Court finds that it acted properly in granting the motion to continue, and

Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's *Motion to Dismiss for Violation of the*

*Speedy Trial Act* [Doc. No. 33] is **DENIED**.


_____
UNITED STATES DISTRICT JUDGE